## CHICAGO, R. I. & P. RY. CO. et al. v. SPILLANE.

No. 17491. Opinion Filed Jan. 17, 1928.

Rehearing Denied March 20, 1928.

(Syllabus.)

**Master and Servant—Action by Railroad Workman for Personal Injury—Failure of Evidence as to Negligence.**

Evidence examined: held, insufficient to establish negligence, and the court therefore erred in overruling defendant's demurrer thereto.

Commissioners' Opinion, Division No. 2.

Error from District Court, Beckham County; T. P. Clay, Judge.

Action by John J. Spillane against the Chicago, Rock Island & Pacific Railway Company and J. A. Nichols, for damages for an alleged injury to his eye. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

W. R. Bleakmore, A. T. Boys, and John Barry, for plaintiffs in error.

Ledbetter, Stuart, Bell & Ledbetter and A. G. Morrison, for defendant in error.

HERR, C. This is an action by John J. Spillane against the Chicago, Rock Island & Pacific Railway Company and J. A. Nichols to recover damages for an alleged injury to his eye. From a judgment in favor of plaintiffs, defendants appeal.

Plaintiff was employed by defendant company as acetylene welder, his duties being to do welding with an acetylene torch; to cut out and fit pieces of steel, as required, by a cutting torch, and to smooth the rough edges thereof occasioned thereby.

Immediately prior to the alleged injury, plaintiff had been engaged with this cutting torch in cutting from pieces of steel four steel plates, 20 inches square. These plates were being cut and fitted to be placed as

reinforcing plates on box cars. In cutting with this torch, it would cause some melting of the steel and this melted metal would stick to the underside of the plate, causing rough edges. It was necessary to cut off these edges. This was done by placing the plates on an anvil and cutting them off by the use of a hammer and chisel.

At the time of the accident, the plaintiff and defendant Nichols, who was also an employee of defendant company, were engaged in cutting off these rough edges. Two of the plates were placed on the anvil, one on the north end, the other on the south end, and the plaintiff was working on the plate on the south end while defendant Nichols worked on the plate at the north end.

The plaintiff bases his cause of action on alleged negligence of defendant Nichols. It is alleged, in substance, that the said defendant Nichols, in drilling off the rough edges of the plate on which he was working, carelessly and negligently held his chisel in such manner as to drive particles and pieces, flying from the steel, into plaintiff's eye. Or, in other words, defendant Nichols was hammering towards instead of away from him.

It is contended by defendants that the evidence is wholly insufficient to establish this alleged act of negligence, and the sufficiency thereof is challenged by demurrer. The demurrer was, by the court, overruled. This ruling is assigned as error.

The plaintiff testifies that at the time of the accident. he and defendant Nichols were cutting off the rough edges of these plates with hammer and chisel; that he was working on the south end of the anvil on which the plates were placed, and Nichols on the north end; that he, plaintiff, was driving the chips back towards himself, and that all of a sudden, while he was turning the plate upon which he was working around on the anvil, a piece of steel struck him in the eye; that he threw his hand up to his eye; that Nichols then said to him: "Did that go in your eye: did it hurt you?" That plaintiff replied, "I guess it did hurt, but I guess it will get all right; I guess it is all right now." Plaintiff then testifies that the proper way for Mr. Nichols to have done would have been to knock in such direction as to drive away from plaintiff so that the pieces would fly in the opposite direction and not endanger him or persons working near him.

On direct examination, plaintiff testified that he did not know which way Nichols was knocking at the time he received the injury; that he did not know whether he was knocking towards him or not. This statement was repeated by plaintiff on his cross-examination. Plaintiff further testified that Nichols stated that he caused the accident. This latter statement, however, was excluded by the court in so far as it related to the defendant railway company, but admitted as to defendant Nichols. This is, in substance, all the evidence offered tending to show how the injury occurred.

We are of the opinion that this evidence is wholly insufficient to establish that the defendant Nichols was holding his chisel in such a position that he was knocking particles of steel, carelessly and negligently, into plaintiff's eye. There is not a particle of evidence to the effect that, at the time of the injury, Nichols was knocking towards the plaintiff. Plaintiff, himself, emphatically testifies that he does not know which way Nichols was knocking. All that can be said from this evidence is that Nichols was cutting pieces of steel with a hammer and chisel, which caused chips to fly, hitting plaintiff in the eye.

With the common knowledge that when steel hits steel chips will fly, and that their flight cannot be controlled, it occurs to us that it would be absurd to hold that this evidence establishes the fact that the defendant Nichols was carelessly and negligently driving chips towards plaintiff. No such inference can legitimately be drawn from the evidence. Counsel lay great stress on the alleged statement of Nichols, "I caused it." This statement was, however, excluded as to the defendant railway company. As to defendant Nichols, we think this alleged statement is without probative force. It is a mere conclusion; it does not amount to a statement of fact as to how the injury occurred. If it amounts to anything, it is nothing more than a mere statement that, by use of his hammer and chisel, he caused chips to fly which hit plaintiff's eye. This, in itself, is not sufficient to constitute negligence. C., R. I. & P. Ry. Co. v. Duran, 38 Okla. 719, 134 Pac. 876.

Had it been established by the evidence that Nichols was knocking directly towards the plaintiff at the time of the alleged injury, it still would be extremely doubtful whether or not plaintiff would have made out a prima facie case of negligence. We do not, however, decide this question.

We are of the opinion that the evidence is wholly insufficient to establish negligence on the part of defendants. Judgment should be reversed, and the cause remanded, with

instructions to enter judgment in favor of defendants.

BENNETT, JEFFREY, DIFFENDAFFER, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 39 C. J. p. 1124, §1319.